# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohammed Abdi Dahir, | Case No. 24-cv-01304 (ECT/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| William Bolin,<br>*Warden of MCF Stillwater*, | |
| Respondent. | |

This matter is before the Court on Petitioner Mohammed Abdi Dahir's ("Petitioner" or "Dahir") "Request for an Appointment of Counsel" (Dkt. 17) ("Motion to Appoint Counsel"); Motion for Amendment of the Original Petition (Dkt. 18) ("Motion to Amend"); and "Motion to/for amending the original petition and counsel request with the memorandum of law, habeas corpus petition" (Dkt. 19) ("Second Motion to Amend and for Counsel"). For the following reasons, the Motions are granted insofar as Dahir seeks leave to amend his Petition and denied insofar as he seeks appointment of counsel.

On May 3, 2022, Dahir was convicted in Minnesota state court of attempted murder in the second degree in violation of Minn. Stat. § 609.19.1(1) and assault in the first degree in violation of Minn. Stat. § 609.221.1. *See Minnesota v. Dahir*, No. 27-CR-20-16471, Dkts. 41, 45 (Minn. 4th Jud. Dist. May 3, 2022). Dahir was sentenced to 240 months of incarceration. *State v. Dahir*, No. A22-1287, 2023 WL 5198740, at *2 (Minn. Ct. App. Aug. 14, 2023). Dahir is currently incarcerated at Minnesota Correctional

Facility-Stillwater.  Mohammed Abdi Dahir, Minn. Dep't of Corrs., https://coms.doc.state.mn.us/ publicviewer/OffenderDetails/Index/265129/Search (last visited Apr. 1, 2025).

On April 11, 2024, the Court received Dahir's Petition Under 28 U.S.C. § 2254 seeking his release from State of Minnesota custody due to alleged constitutional violations committed during his trial and at sentencing.  (Dkt. 1.)  The Court set a schedule for Respondent William Bolin ("Respondent" or "Bolin") to file his response and supporting memorandum of law and for Dahir to file his reply, and also granted Dahir's application to proceed *in forma pauperis*.  (*See* Dkts. 2, 4, 8, 14.)  On May 13, 2024, Bolin filed his Answer, along with a supporting memorandum of law and an appendix.  (Dkts. 9, 10, 11.)  Dahir filed a reply brief on June 10, 2024 (Dkt. 13), and then on December 19, 2024, filed the Motions (Dkts. 17-19), along with a supporting memorandum, other supporting documents, and a copy of the proposed Amended Petition (Dkts. 20, 22, 23, 23-1).  On March 24, 2025, Dahir filed a letter requesting permission to expand the record to include certain affidavits, along with the affidavits. (Dkts. 26-28.)

## I.   AMENDMENT OF THE PETITION

The Court first considers Dahir's requests for permission to amend his Petition. The Motion to Amend states that Dahir "sends no new claim," but instead corrects "some errors" in the Petition, which Dahir asserts "couldn't have been prevented" because he

2

was "struggling [with] mental illness" when he drafted the Petition.[1] (Dkt. 18 at 1-2; *see also* Dkt. 19 (seeking leave to amend due to ongoing mental illness).)[2] The deadline for Bolin to respond to the Motions filed by Dahir on December 19, 2024 has long since passed, *see* D. Minn. LR 7.1(b)(2) (stating that response to non-dispositive motion is due seven days after motion is filed and served), and as of the date of this Order, Bolin has not filed any response.

Under Section 2242, a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "This points the Court to the Federal Rules of Civil Procedure." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/HB), 2021 WL 12143018, at *1 (D. Minn. Dec. 9, 2021). Federal Rule of Civil Procedure 15 governs the amendment of pleadings and states in relevant part:

> (a) Amendments Before Trial.
>
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

---

[1] While most of the differences between the Petition and proposed Amended Petition are relatively minor, the Court notes that Dahir has added an allegation that the state court's admission of certain testimony violated his equal protection rights (*compare* Dkt. 23-1 at 5, *with* Dkt. 1 at 5) and argues that the third ground supporting his Petition relates to his Sixth Amendment rights (*compare* Dkt. 23-1 at 8, *with* Dkt. 1 at 8).

[2] Unless otherwise noted, page number citations to materials filed on the docket are citations to the CM/ECF pagination.

> pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Dahir filed the Petition on April 11, 2024 (Dkt. 1) and Bolin filed his Answer on May 13, 2024 (Dkt. 9). Because the present Motion to Amend was filed on December 19, 2024, more than 21 days after Bolin filed his Answer, the Motion to Amend is governed by Rule 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) directs a court to "freely give leave [to amend] when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *See, e.g.*, *Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986) (citation omitted). The Eighth Circuit has held that although amendment of a pleading "should be allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend." *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *Chesnut v. St. Louis Cnty.*, 656 F.2d 343, 349 (8th Cir. 1981)). Denial of leave to amend may be justified only by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Based on the record, the Court finds no undue delay or bad faith by Dahir in seeking to amend his Petition. Further, Bolin has made no argument that he would be unfairly prejudiced by the amendment or that it would be futile. In fact, Bolin did not file any response to Dahir's requests for leave to amend and consequently does not appear to oppose the amendment. The Court therefore grants Dahir leave to amend his Petition. The proposed Amended Petition at Docket Entry 23-1 shall be the operative Petition in this case. Further, to the extent Dahir seeks leave to expand the record in his letter filed on March 24, 2025 (Dkt. 26), the Court grants leave insofar as the affidavits filed on March 24, 2025 (Dkts. 27-28) have been docketed.[3]

## II.   MOTION TO APPOINT COUNSEL

Dahir also asks the Court to appoint him counsel in this case. (Dkt. 17; *see also* Dkt. 19 (requesting appointed counsel along with leave to amend).) Dahir argues that he needs appointed counsel because he is mentally ill, including "struggling" with psychosis, and lacks the financial resources to retain an attorney himself. (Dkt. 17 at 2; *see also* Dkt. 19 at 1-2.)

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987); *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir. 1981)). However, in habeas proceedings brought under 28 U.S.C. § 2254, a court may appoint counsel for an indigent petitioner if the petitioner has presented nonfrivolous

---

[3] Bolin may address whether the Court should consider those affidavits as part of his response authorized by this Order.

5

claims and "the interests of justice so require." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see* 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(b). This issue is committed to the discretion of the trial court. *McCall*, 114 F.3d at 756 (citations omitted). In exercising its discretion to appoint counsel, a court should consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citing *Abdullah*, 18 F.3d at 573; *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)).

Here, while this case survived prescreening review under 28 U.S.C. § 1915A(b)(1), the Court finds that justice does not require appointment of counsel for Dahir. First, this case does not appear to be legally complex. While Dahir alleges various constitutional violations, each of these claims involve well-settled areas of law. *See Reyna v. Weber*, No. CIV. 11-4044, 2012 WL 458464, at *5 (D.S.D. Feb. 10, 2012) (determining the petitioner's Eighth Amendment claims were not legally complex because the law governing the issue was "well-settled"). Nor does the instant case raise complex fact issues. The arguments made by Dahir are all focused on decisions made by the state court judge that presided over his trial. (*See* Dkt. 23-1 at 5, 7-8, 10; *see also* Dkt. 3.) Dahir does not make arguments relating to the facts underlying his criminal conviction, and neither Dahir nor Bolin have identified any factual disputes as to the underlying case that cannot be resolved based on the state court record. As such, this case does not present the type of factual complexity that would require counsel. *See Hoggard*, 29 F.3d at 471 ("Where the issues involved can be properly resolved on the

6

basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.") (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993)).

Finally, Dahir has shown an ability to properly present his claims. Dahir has been able to file a Petition and a proposed Amended Petition setting forth the reasons why he seeks habeas relief, along with comprehensible motions that are supported by briefs containing argument, citations to the law, citations to the state court record, and other documents. (*See, e.g.*, Dkts. 1-3, 8, 13, 15, 17-24, 26-28.) Dahir highlights his mental health concerns as a reason why counsel should be appointed, and the Court is not unsympathetic to the difficulties faced by a pro se habeas petitioner under such circumstances, but in view of Dahir's filings to date, his pro se status and any mental health concerns are not a basis for appointment of counsel. *See Reeves v. Madden*, No. 19CV1886-WQH-SBC, 2024 WL 3463971, at *1 (S.D. Cal. May 16, 2024) ("Here, although Petitioner argues that he requires counsel because he suffers from mental health issues and below average intelligence, Petitioner has adequately represented himself from the inception of his case. . . . For the last four years, Petitioner has adequately represented himself by timely filing status reports, seeking extensions, and objecting to the July 6, 2023 report and recommendation. Accordingly, the record does not reflect that Petitioner's case is too complex for him to understand.") (cleaned up). Accordingly, having considered the relevant factors, the Court denies Dahir's requests for appointment of counsel. *See Cooley v. ACH*, No. 24-CV-2457 (ECT/ECW), 2025 WL 33672, at *1 (D. Minn. Jan. 6, 2025) (denying motion for appointment of counsel where the claims

7

were not "factually or legally complex, and Plaintiff has demonstrated sufficient ability to litigate in federal court as is evidenced by his ability to seek various forms of relief in this case"); *see also Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (finding no abuse of discretion where district court denied a motion for the appointment of counsel because the petitioner had access to law database that updated every ninety days, the petitioner had "thoroughly presented his claim to the Court, and no additional factual discovery was necessary to resolve the issue").

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Petitioner Mohammed Abdi Dahir's Motion for Amendment of the Original Petition (Dkt. 18) and letter request to expand the record (Dkt. 26) are **GRANTED**.

    a. Respondent William Bolin shall have 30 days from the date of this Order to submit additional argument in response to the Amended Petition (Dkt. 23-1) and affidavits docketed on March 24, 2025 (Dkts. 27-28), should he find it necessary; and

    b. Should Respondent William Bolin file such additional argument, Petitioner Mohammed Abdi Dahir shall have 30 days from the filing of that response to file a reply. If Respondent William Bolin does not file a response, no reply from Petitioner Mohammed Abdi Dahir is authorized.

2. Petitioner Mohammed Abdi Dahir's "Request for an Appointment of Counsel" (Dkt. 17) is **DENIED**.

3. Petitioner Mohammed Abdi Dahir's "Motion to/for amending the original petition and counsel request with the memorandum of law, habeas corpus petition" (Dkt.

19) is **GRANTED** insofar as the Court has granted leave to file an Amended Petition in this Order and accepted the proposed Amended Petition (Dkt. 23-1) as the operative Petition in this matter and **DENIED** insofar as he seeks appointment of counsel.

Dated: April 1, 2025

      *s/Elizabeth Cowan Wright*
      ELIZABETH COWAN WRIGHT
      United States Magistrate Judge