UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohammed Abdi Dahir, | Case No. 24-CV-1304 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| William Bolin,<br>*Warden of MCF Stillwater*, | |
| Respondent. | |

This matter is before the Court on Petitioner Mohammed Abdi Dahir's Amended Petition for Writ of Habeas Corpus (Dkt. 31), Motion to Supplement the Record (Dkt. 36) and Motion to Stay the Habeas Corpus Petition (Dkt. 40). This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the following reasons, this Court recommends that the Amended Petition for Writ of Habeas Corpus (Dkt. 31) be dismissed without prejudice, the Motion to Supplement the Record (Dkt. 36) be denied, and the Motion to Stay the Habeas Corpus Petition (Dkt. 40) be denied.

## I.   FACTUAL BACKGROUND

Dahir was convicted in Minnesota state court of attempted murder in the second degree in violation of Minn. Stat. § 609.19, subd. 1(1) and assault in the first degree in violation of Minn. Stat. § 609.221, subd. 1. *Minnesota v. Dahir*, No. 27-CR20-16471,

Dkts. 41, 45 (Minn. 4th Jud. Dist. May 3, 2022).[1] The district court imposed a sentence of 240 months. *State v. Dahir*, No. A22-1287, 2023 WL 5198740 at *2 (Minn. Ct. App. Aug. 14, 2023). Dahir is currently incarcerated at Minnesota Correctional Facility-Moose Lake. Minn. Dep't of Corr. https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/265129/Search [https://perma.cc/6EMT-ZLFR] (last visited Sept. 29, 2025).

## II. PROCEDURAL BACKGROUND

Dahir sought review of four issues before the Minnesota Court of Appeals. *Dahir*, 2023 WL 5198740, at *1. He argued that the district court abused its discretion by: (1) admitting a police officer's testimony about an interview rather than the recording of the interview; (2) imposing a sentence with an upward durational departure; (3) denying the court appointed mental health evaluator's request to interview Dahir's roommates; and (4) declining the jury's request for a transcript of multiple witnesses' testimony.[2] The Minnesota Court of Appeals affirmed Dahir's convictions. *Id.* at *6. Dahir

---

[1] A court may take judicial notice of public records from state-court proceedings. *See, e.g.*, *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Moore v. Beltz*, No. 25-CV-1077 (MJD/LIB), 2025 WL 1314251, at *1 n.1 (D. Minn. Apr. 3, 2025) (citing cases).

[2] Issues (1) and (2) were raised in the brief submitted by Dahir's counsel. Issues (3) and (4) were raised in Dahir's supplemental pro se brief. *Dahir,* 2023 WL 5198740, at *1.

petitioned for review by the Minnesota Supreme Court, and his petition was denied. (Dkt. 11 at 166, 179.)[3]

On April 11, 2024, Dahir filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 based on several alleged constitutional violations. (Dkt. 1.) On April 1, 2025, this Court granted Dahir leave to file an Amended Petition. (Dkt. 29.) The Amended Petition (Dkt. 31) is the operative petition in this case. (*See* Dkt. 30.)

On June 20, 2025, Dahir filed a Motion to Supplement the Record with "affidavits from family, friends and roommates about what they have known about dahir's [sic] mental condition at the time of the offense charged." (Dkt. 36 at 1.) On August 25, 2025, Dahir filed a Motion to Stay the Habeas Corpus Petition. (Dkt. 40.) Dahir seeks a stay "so he can give the state courts an opportunity to first decide the constitutional and federal issues." (*Id.* at 1.)

### III. LEGAL STANDARD

A federal court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254. Habeas relief under § 2254 is warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2). Review under § 2254(d)(1) is "limited to the record that was before the state court

---

[3] Unless otherwise indicated, page citations to the record refer to the CM/ECF pagination.

that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

Additionally, an application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (citation modified); *see also Carey v. Saffold,* 536 U.S. 214, 220 (2002) (explaining that the exhaustion requirement promotes comity, finality, and federalism). The exhaustion requirement is excused if "there is an absence of available State corrective process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

To satisfy the exhaustion requirement, "a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the Minnesota Supreme Court), before seeking relief in federal court." *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916 (D. Minn. 2008) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999)). Fair presentment requires the prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). Raising a claim that is "merely similar" to the federal habeas claim is not sufficient. *Id.* The "onus rests on the prisoner to present the substance of his

federal claims" in each appropriate state court. *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010).

If a petitioner's claim is unexhausted and a state court remedy is available, "the federal habeas court must defer action until the claim is exhausted," either by dismissing the petition without prejudice or by granting a stay. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). When a district court reviews a mixed petition—a petition that includes both exhausted and unexhausted claims—it may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Staying, rather than dismissing, a mixed petition prevents the statute of limitations from elapsing for the exhausted claims during the time that it takes for a state court to address the unexhausted claims. *Id.*

However, a stay is not available in all cases involving a mixed petition. *Id.* at 277. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Further, it would be an abuse of discretion for a district court to grant a stay when the unexhausted claims are "plainly meritless." *Id.*

### IV. ANALYSIS

In his Motion to Stay the Habeas Corpus Petition, Dahir asserts that his Petition is "mixed," but does not identify which claims he believes have or have not been exhausted. (Dkt. 40.) The Court begins by analyzing the underlying Petition to determine which, if any, of Dahir's claims satisfy the exhaustion requirement and warrant habeas relief. The Court then discusses Dahir's Motion to Stay and Motion to Supplement the Record.

A.     **Amended Petition for Writ of Habeas Corpus**

For the reasons discussed below, the Court concludes that none of Dahir's claims in his Amended Petition for Writ of Habeas Corpus (Dkt. 31) satisfy the exhaustion requirement because they were not fairly presented to the Minnesota Supreme Court. While the grounds that Dahir raises in this Petition arise from the same facts as the issues that Dahir raised in his state court appeals, it is not enough to recite only "the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163, (1996). A claim has not been fairly presented if the presiding court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Each of Dahir's claims are discussed in turn.

1.     **Admission of the Officer's Testimony Rather than the Recorded Interview**

The first ground for relief that Dahir raises is that "the district court abused its discretion and violated due process of law and Petitioner's equal protection rights" by admitting testimony from an officer who had interviewed Dahir, rather than the recording of the interview, which had been conducted through an interpreter. (Dkt. 1 at 5.) While Dahir did argue that the recording should have been admitted rather than the officer's testimony in his brief to the Minnesota Court of Appeals and in his petition for review to the Minnesota Supreme Court, that argument was based on state evidentiary rules rather than the United States Constitution's Due Process and Equal Protection Clauses. (Dkt. 11 at 65-69, 171-74.) Because Dahir did not raise a federal claim based on these facts in

state court, he has not satisfied the exhaustion requirement for this ground. *See Gray,* 518 U.S. at 163; *Baldwin*, 541 U.S. at 32.

### 2. The Mental Health Examination

The next ground for relief that Dahir raises is that "[t]he district court committed prejudicial error and due process violation by prohibiting the mental health examiner to interview the petitioner's roommates." (Dkt. 31 at 7.) In his pro se supplemental brief to the Minnesota Court of Appeals, Dahir argued that the district court erred by denying the mental health examiner's request to interview Dahir's roommates. (Dkt. 11 at 84.) However, Dahir did not argue that this error violated the Due Process Clause of the United States Constitution. Instead, Dahir asserted that this error violated his "equal protection rights," as well as Minnesota Rule of Criminal Procedure 20.02. (*Id.* at 84-86.) The fact that a petitioner raised a claim arising out of the same set of facts, or that a claim is "merely similar" to the federal habeas claim, is not sufficient to meet the exhaustion requirement. *Gray,* 518 U.S. at 163; *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). Because Dahir did not identify a due process violation in his state court appeals, he has not satisfied the exhaustion requirement as to this ground. *See Gray,* 518 U.S. at 163; *Baldwin*, 541 U.S. at 32.

While Dahir did not assert in either his original or amended Petition for Writ of Habeas Corpus that the district court's denial of the mental health examiner's request violated his federal equal protection rights, he did so in his memorandum in support of his original Petition for Writ of Habeas Corpus. (Dkt. 3 at 22-27.) Even assuming that Dahir's equal protection habeas claim is properly before this Court, he did not exhaust

this claim. To exhaust available state remedies, a petitioner must fairly present their claim in each appropriate state court. *Baldwin,* 541 U.S. at 29. While Dahir raised this claim in his supplemental pro se brief to the Minnesota Court of Appeals, he did not fairly present it to the Minnesota Supreme Court.

Dahir's petition for review to the Minnesota Supreme Court incorporated the issues raised in his pro se supplemental brief to the Minnesota Court of Appeals only by reference to that brief, stating "[r]eview should be granted on the issue raised in Petitioner's pro se supplemental brief. These are important issues that warrant consideration by this Court." (Dkt. 11 at 178.) Incorporation of lower court briefs, without identifying the federal issue in the petition for review, "is insufficient to fairly present a federal claim for the purposes of exhaustion." *Foster v. Fabian*, No. 07-cv-4317, 2009 WL 921063, at *8 (D. Minn. Mar. 31, 2009) (collecting cases). Because Dahir's petition for review did not, on its face, identify a federal basis for either of his pro se claims, those issues were not fairly presented to the Minnesota Supreme Court. *See Schnagl v. Reimann*, No. 19-CV-2611 (NEB/ECW), 2020 WL 8717672 (D. Minn. Sept. 24, 2020) (concluding that a general reference to pro se claims in a petition for review before the Minnesota Supreme Court was insufficient to present a federal claim for the purposes of exhaustion), *R. &R. adopted*, 2021 WL 826395 (D. Minn. Mar. 4, 2021).

Further, even if Dahir had exhausted his equal protection claim in the state courts, Dahir has not articulated a cognizable equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

"An equal-protection challenge to a state law triggers rational-basis scrutiny unless the law 'draw[s] a suspect classification or restrict[s] a fundamental right.'" *Eggers v. Evnen*, 48 F.4th 561, 565 (8th Cir. 2022) (quoting *Birchansky v. Clabaugh*, 955 F.3d 751, 757 (8th Cir. 2020)). Under rational basis review, courts will uphold state laws that are rationally related to a legitimate government purpose. *Birchansky*, 955 F.3d at 757. Dahir has not alleged that he was subject to a suspect classification or that a fundamental right of his was restricted. He also does not argue that any state law is not rationally related to a legitimate government purpose. Instead, he argues that the district court erred in its application of the law and violated his equal protection rights as a result. (Dkt. 3 at 27.) Dahir's equal protection claim fails on the merits because an error in applying the law, without more, is not an equal protection violation.

### 3.     The Jury's Request for Transcripts

Dahir next argues that he was deprived of "a fair trial guaranteed by [the] 6th amendment of the constitution" because the district court denied the jury's request for a transcript of several witnesses' testimony. (Dkt. 11 at 8.) Dahir did raise this denial of the jury's request in his pro se supplemental brief to the Minnesota Court of Appeals. (Dkt. 11 at 89-91.) However, Dahir did not mention the Sixth Amendment in this briefing. Instead, he cited several cases from Minnesota and other state courts. *Id*. Further, Dahir's petition for review to the Minnesota Supreme Court incorporated this issue only by reference to his pro se supplemental brief to the Minnesota Court of Appeals. (*Id.* at 168.) As the Court has explained in Section IV.A.2 with respect to the mental health records, even if Dahir had raised a Sixth Amendment claim before the

Court of Appeals, the incorporation by reference in the petition for review would not be sufficient to fairly present the issue to the Minnesota Supreme Court. *See Schnagl*, 2020 WL 8717672 at *4. Because Dahir did not raise a violation of the Sixth Amendment at any point in his briefing, this issue does not meet the exhaustion requirement. *See Gray,* 518 U.S. at 163; *Baldwin*, 541 U.S. at 32.

### 4. The Upward Departure

Finally, Dahir argues that he is entitled to relief because his sentence, which was an upward departure from the presumptive sentence, violates the Eighth Amendment's prohibition of cruel and unusual punishment. (Dkt. 31 at 10.) Dahir did challenge the upward departure during his state court appeals, but he did so based on state law. (Dkt. 11 at 72-77, 174-78.) Because Dahir did not raise the Eighth Amendment in his state court briefing, he has not satisfied the exhaustion requirement as to this ground. *See Gray,* 518 U.S. at 163; *Baldwin*, 541 U.S. at 32.

In sum, Dahir did not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) for any of the grounds he raises in his Amended Petition for Writ of Habeas Corpus. Because Dahir has not argued that either of the exceptions provided in 28 U.S.C. § 2254(b)(1)(B) apply, habeas relief is not warranted under 28 U.S.C. § 2254 as to those grounds.

### B. The Motion to Stay

Given that none of Dahir's claims are exhausted, his Petition is not mixed and a stay is not appropriate. *See Rhines*, 544 U.S. at 275 (adopting the stay and abeyance procedure for *mixed* petitions). Because this is not a mixed petition, the Court does not

reach the questions of whether there is good cause for Dahir's failure to exhaust his claims in state court or whether the unexhausted claims are "plainly meritless." *See id.* at 277. The Court recommends that the Motion to Stay the Habeas Corpus Petition (Dkt. 40) be denied, and the Amended Petition for Writ of Habeas Corpus (Dkt. 31) be dismissed without prejudice.

## C.     The Motion to Supplement[4] the Record

Dahir seeks to expand the record before the Court to include several "affidavits from family, friends and roommates about what they have known about dahir's [sic] mental condition at the time of the offense charged." (Dkt. 36 at 1; *see also* Dkts. 37-39.) A motion to expand the record is governed by Rule 7 of the Rules Governing Habeas Corpus Cases under Section 2254, which provides that if the petition is not dismissed, a judge may direct the parties to expand the record by submitting additional materials relating to the petition. *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007). Because this Court recommends dismissal of the Petition on procedural grounds, it also recommends denial of the motion to supplement.

## V.     CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on their petition unless they are granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner

---

[4]     The Court treats Dahir's Motion to Supplement the Record (Dkt. 36) as a motion to expand the record pursuant to Rule 7 of the Rules Governing Habeas Corpus Cases under Section 2254.

"has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Dahir must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). This Court concludes that it is unlikely any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above dealing with the lack of exhaustion. Accordingly, the Court recommends that a COA not be issued in this matter.

## VI.   RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. The Petition (Dkt. 31) be **DENIED** and that this action be **DISMISSED**;

2. Petitioner's Motion to Supplement the Record (Dkt. 36) be **DENIED**;

3. Petitioner's Motion to Stay the Habeas Corpus Petition (Dkt. 40) be **DENIED**; and

4. No certificate of appealability be issued.

Dated: September 30, 2025

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).